IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MANUEL RODRIGUEZ                                                                                  PLAINTIFF
ADC #128041

V.                                        NO: 5:09CV00094 JMM/HDY

VERONICA TENSLEY                                                                                  DEFENDANT

# PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

1

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on March 25, 2009.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-5 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of

his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 1974. Although *Twombly* involved allegations of conspiracy in violation of the Sherman Act, 15 U.S.C. § 1, the holding has been applied in a § 1983 context as well. *See Robbins v. Oklahoma*, Case No. 07-7021, 2008 U.S. App. LEXIS 5915 (10th Cir. March 21, 2008). However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, he was charged falsely with a disciplinary infraction which allegedly occurred on May 24, 2005, and Defendant interfered with the appeal of his conviction. Plaintiff contends he was asleep at the time of the alleged violation, and alleges due process and equal protection violations. Even if Plaintiff's allegations are true, the complaint should be dismissed because the events complained of happened more than three years ago. The statute of limitations for § 1983 actions in Arkansas is three years. *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991). Although the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint as frivolous when it is apparent the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750 (8th Cir. 1992). Accordingly, Plaintiff's claims are barred by the statute of limitations, and his complaint should be dismissed as frivolous.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE as frivolous.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   27   day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE